IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS GALLAGHER and
SHELLEY GALLAGHER,

        Plaintiffs,                No. 2:08-cv-03071 JFM (C)

vs.

TERRY J. HOLT and
JERRI A. WELLS,

        Defendants.              <u>ORDER</u>

                              /

WHEREFORE, IT IS HEREBY STIPULATED by and among Plaintiffs and Defendants, through their respective counsel, and expert witnesses, Michael H. Evans and Ralph F. Pavey, as follows:

**RECITALS**

A.    Plaintiffs Dennis Gallagher and Shelley Gallagher ("Plaintiffs") and Defendants Terry J. Holt (also known as Jan Mace) and Jerri A. Wells ("Defendants") are parties to this action pending in the United States District Court for the Eastern District of California, Sacramento Division (the "Action").

B.    Michael H. Evans ("Evans") is a real estate appraiser and has been retained by Plaintiffs as expert in this action. Evans is an appraiser licensed by the State of California to

1

appraise the value of real property. Evans performs appraisals throughout California, but primarily works in Butte, Glenn, Colusa, Fresno, Yuba, Sutter, Tehama, Shasta, Siskiyou, San Diego, Sacramento, El Dorado, Modoc, and Lassen Counties. Evans has been actively engaged in the real estate appraisal field since 1983.

C.    Ralph F. Pavey ("Pavey") is a real estate appraiser and has been retained by Defendants as an expert witness in this action. Pavey is an appraiser licensed by the State of California to appraise the value of real property. Pavey performs appraisals throughout Northern California, but works primarily in Sacramento, Yolo, San Joaquin, Sutter, and Solano Counties. Pavey has been an independent appraiser since 1987.

D.    Evans and Pavey have each appraised real property owned by more than one individual or entity. In performing their appraisals, Evans and Pavey have estimated the discount rate to apply based on the fractional ownership interest in the real property. Over the years, Evans and Pavey have each assembled their own substantial amount of information, much of which is not readily available to the public, which they each have used to develop a significant process for estimating the fractional interest discount to be applied in valuing real property owned by multiple parties. Evans and Pavey believe that the information they each have assembled is sensitive research, development, commercial, personal, financial or proprietary information that is unavailable to the public and not readily determinable from public sources, or documents or information that is otherwise protected under applicable law. The information assembled by Evans and Pavey provides each of them with a competitive economic advantage over other appraisers because it enables them to more effectively and efficiently value the fractional interest in property owned by a number of individuals and entities.

E.    The information described in Paragraph D above will be described collectively as "Proprietary Data."

F.    Evans and Pavey keep their Proprietary Data confidential and each considers their Proprietary Data to be a trade secret. Evans and Pavey believe that disclosing this Proprietary Data

2

would effectively confer the benefits of this extensive work and analysis on other appraisers and deprive each of them of the competitive advantage each receives through the use of their Proprietary Data.

G. Evans has been retained by Plaintiffs to express an opinion regarding the value of the one sixth ownership interest in the property that was the subject an appraisal. Evans has also submitted a supplemental written report dated March 13, 2012 setting forth his opinions and the basis for these opinions. In preparing his report, Evans relied on some of his Proprietary Data. Evans has been asked to produce the Proprietary Data which he relied upon and to testify regarding that Proprietary Data at his deposition.

H. Pavey has been retained by Defendants to express an opinion regarding the value of the one sixth ownership interest in the property that was the subject of an appraisal. Pavey has also submitted a written report dated April 2, 2012 setting forth his opinions and the basis for these opinions. In preparing his report, Pavey relied on some of his Proprietary Data. Pavey has been asked to produce the Proprietary Data upon which he relied and to testify regarding that Proprietary Data at his deposition.

I. Plaintiffs, Defendants, Evans and Pavey have agreed that Evans and Pavey will each produce their Proprietary Data upon which they relied and, if asked, will testify regarding their respective Proprietary Data subject to this Protective Order.

## **SCOPE OF PROTECTIVE ORDER**

1. The Proprietary Data is subject to the terms and conditions of this Protective Order, can be used only as permitted herein, and shall be used solely for the purposes of this Action. This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between Evans, Pavey and the parties to the Action without involving the Court unnecessarily in the process. The protection under this Protective Order may be invoked with respect to any documents, testimony, information, and things (collectively "materials") produced or created in this action that contain Proprietary Data. As set forth below, materials, including the

Proprietary Data, may be designated as "Confidential." Such designation may be made by any party or non-party producing materials in this action. The terms "producing party" and "designating party" as used herein shall be deemed to include non-parties, such as Evans and Pavey, who produce materials in this action.

2. <u>Designation of Materials as "Confidential"</u>:

The protection under this Protective Order may be invoked with respect to materials in the following manner:

(a) With respect to documents, the copy of the document <u>when produced</u> shall bear the clear and legible designation "**Confidential-Subject to Protective Order**" on each page of the document. Documents produced prior to the entry of this Protective Order may be designated as "Confidential" within thirty (30) days after entry.

(b) With respect to the examination of Evans and Pavey upon oral deposition, when Proprietary Data is supplied to the deponent, or when Proprietary Data is produced, or when the deponent's testimony contains, reflects, or comments on Proprietary Data, the deposition reporter and/or videotape operator shall be informed of this Protective Order by the party seeking to invoke its protection and provided a copy hereof, and will be required to agree to be bound by its terms in accordance with Paragraph 4(b)(vii) below. If deposition testimony is designated as "Confidential" at a deposition, the portion of the testimony so designated shall be bound in a separate transcript (and recorded on a separate videotape, if the deposition is videotaped). The reporter and/or videotape operator shall then place on the cover of any such separate transcript or videotape the words **"CONTAINS CONFIDENTIAL INFORMATION,"** as appropriate. Counsel for the parties shall take appropriate steps to prevent such separate transcript or videotape so designated from being disclosed to any person, except as provided in this Protective Order. In addition, the entire transcript of any deposition shall be treated as if designated "Confidential" until thirty (30) days after delivery of the transcript, during which period counsel for any party or non-party may designate any sections of

the transcript as "Confidential" that were not so designated on the record at the deposition in accordance with the provisions governing the designation of Confidential Information set forth herein.

(c)     Any party believing material designated as "Confidential" by another is public or is otherwise not entitled to such designation may advise the designating party of that belief in writing, provide a brief statement of the basis for the belief with service on all other parties, and allow ten (10) days for the designating party to either agree that the information is not Confidential or for the designating party to file a motion to request this Court to determine if the information is confidential.  The provisions of this Protective Order shall continue to apply until the Court enters an order on the motion.  The designating party shall bear the burden of showing that material in question qualifies for protection under applicable law.

3.     If any person inadvertently produces or discloses any "Confidential" information without marking it with the appropriate legend, the producing party may give notice to the receiving party that the information should be treated in accordance with the terms of this Protective Order, and shall forward appropriately marked  copies of the items in question.  Within five (5) days of the receipt of substitute copies, the receiving party shall return the previously unmarked items and all copies thereof.  The inadvertent disclosure shall not be deemed a waiver of confidentiality.  Any such designations shall be made promptly after the discovery of the inadvertent production or disclosure.

4.     <u>Disclosure of Materials Designated as Confidential:</u>

(a)     Materials designated "Confidential," as well as summaries, excerpts and extracts thereof that reflect portions of the contents that are designated "Confidential," shall not be disclosed to or made accessible to any person except as specifically permitted by this Protective Order. Materials designated "Confidential" shall be used solely for the prosecution, defense or settlement of this action, and, except by consent of the disclosing party or by order of a court of competent jurisdiction, shall not be used at any time for any other purpose whatsoever.

(b)  Materials designated as "Confidential" may be disclosed only to:

(i)  The Court, its secretaries, clerks, law clerks, jurors or other finder of fact;

(ii)  Attorneys representing a party in this action, and their secretaries, paralegals, legal assistants, and other staff involved in assisting the litigation;

(iii)  The parties, officers and employees of the parties assisting counsel in the action; provided that materials designated "Confidential" may be disclosed to such persons only to the extent such disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation, prosecution, settlement or defense of the action;

(iv)  Any expert or consultant, including, without limitation, interpreters, who is retained by any of the parties in this action or by their counsel of record to assist counsel in this action, and any employee of such an expert assisting in this action (this category hereinafter referred to as "Experts"), but only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order, and sign the Certification attached as Exhibit A hereto;

(v)  Deponents at a deposition who are not parties or officers or employees of a party, but only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order, and sign the Certification attached as Exhibit A hereto, acknowledging that they are bound by the terms of the Protective Order and are required not to disclose information which is designated as "Confidential" outside the scope of this action;

(vi)  Witnesses or potential witnesses, whether or not called to testify as a witness at either a deposition or court proceeding in this action, but only if such persons are informed of the terms of this Protective Order, provided with a copy of the Protective Order, and sign the Certification attached as Exhibit A hereto, acknowledging that they are bound by the terms of the Protective Order and are required not to disclose information which is designated as "Confidential" outside

the scope of this action;

(vii)     Deposition and court reporters, including videographers, and their support personnel, for purposes of preparing transcripts and/or audio-video records of testimony;

(viii)    Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide such services in connection with this action and only after being informed of the provisions of this Protective Order and agreeing to abide by its term;  and

(ix)    Any person who created the document or was a recipient thereof.

5.     Each person to whom "Confidential" materials are disclosed (other than persons described in paragraphs 4(b)(i),(ii), and (iii)) shall sign the certification attached as Exhibit A before disclosure, and shall agree to be bound by this Protective Order and to be subject to the jurisdiction of this Court for the purpose of enforcement, except that individuals identified in paragraphs 4(b)(i), (ii) and (iii), shall not be required to execute such an agreement, provided that counsel making disclosure to such individuals advise them of the terms of this Protective Order and they agree to be bound thereby.  Counsel disclosing "Confidential" materials to persons required to sign the certification shall retain all such signed certifications.  Copies of the signed certifications shall be preserved by counsel and shall be provided if the Court so orders upon a showing of good cause.

6.     All pleadings and other Court filings that include materials that contain Confidential Information shall include on the first page of such document, and all copies thereof, a statement substantially to the effect that "This Document Contains 'Confidential' Materials Subject to a Protective Order."

7.     Use in Court Proceedings:

Subject to the Federal Rules of Evidence, nothing contained in this Protective Order shall be construed to prejudice any party's right to use at trial or in any open hearing before the Court any

Confidential Information, provided that reasonable notice of the intended use of such material shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards. Confidential Information received into evidence at trial shall not lose its confidential status through such use.

      8.    Handling and Disposition of Materials at Conclusion of Case/Retention of Jurisdiction:

      (a)    After termination of the action, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the confidential information for enforcement of the provisions of this Protective Order following termination of this action.

      (b)    All materials designated as "Confidential" shall remain in the possession of the counsel of record to whom such material is produced, and they shall not permit any such material to leave their possession, except that copies of such materials may be made for the use of those assisting counsel to whom disclosure may be made under paragraph 4 and copies may be submitted to the Court under seal as necessary. Within sixty (60) days of the date this action is fully and finally concluded in all respects, whether by settlement or other resolution or final judgment (after any and all appeals are exhausted), each party to whom "Confidential" materials was produced shall at the election of the party receiving the materials, either: (1) return all documents and copies containing "Confidential" materials (including, but not limited to, copies in the possession or control of Experts or employees) to the party who produced them, or (2) promptly destroy all such materials, and shall provide written certification under oath to the producing party of such destruction.

      9.    By designating any materials "Confidential" the parties do not acknowledge that any such materials are relevant or discoverable in this action. This Protective Order shall <u>not</u> constitute a waiver of any right to seek discovery of, or, alternatively, to resist discovery of, any materials in this action. Designation of materials as "Confidential" pursuant to this Protective Order does not

8

in any way restrict or adversely affect the Designating Party's use or disclosure of such documents, nor does it restrict or adversely affect the Non-Designating Party's right to object to the admissibility or other use of such documents.

10. Noting in this Protective Order shall preclude any party from applying to the Court to modify this Protective Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Protective Order for good cause shown.

11. Protected Material Subpoenaed or Ordered Produced in Other Litigation:

(a) If a receiving party is served with a subpoena, order or request issued in other litigation, bankruptcy, or other legal or regulatory proceeding that would compel disclosure of any information or items designated in this action as "Confidential," the receiving party shall so notify the designating party, in writing (by fax, if possible), reasonably promptly and in no event more than ten (10) calendar days after receiving the subpoena, order or request. Such notification shall include a copy of the subpoena, order, or request. The receiving party shall not disclose any documents or information marked as "Confidential" until ten (10) calendar days after delivery of the notice required in this paragraph, to provide the designating party with an opportunity to seek appropriate relief. If the subpoena, order, or request requires production of any "Confidential" material in less than twenty (20) days from the date of issuance of the subpoena, order, or request, the receiving party shall object to the production, citing this Protective Order, to provide the Designating Party with an opportunity to seek appropriate relief.

(b) The receiving party shall also promptly inform in writing the requesting party in the other litigation that caused the subpoena, order or request to be issued that some or all of the material covered by the subpoena or order is the subject of this Protective Order. In addition, the receiving party must deliver a copy of this Protective Order promptly to the other party in the other action that caused the subpoena or order to issue.

(c) The purpose of imposing these duties is to alert the interested parties to the existence

of this Protective Order and to afford the designating party in this Action an opportunity to try to protect its confidential information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection of its confidential materials in the Court – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

12. This Protective Order will be without prejudice to the rights of Evans or Pavey in any other action and applies solely in this Action.

13. Any disclosure made by any person that is not in conformity with the requirements of this Protective Order shall constitute a violation of this Protective Order. Evans or Pavey may pursue all available legal remedies for such a violation, including, but not limited to, damages and injunctive relief.

14. This Protective Order may not be introduced into evidence at trial to establish or impeach the qualifications of Evans or Pavey to provide expert testimony.

**IT IS SO STIPULATED:**

Dated: April ___, 2012                                      Respectfully submitted,


                                                            **PARISH & SMALL**
                                                            A Professional Law Corporation


                                                            By_____
                                                                    WILLIAM H. PARISH
                                                                    ERIN GUY CASTILLO
                                                            Attorneys for Plaintiffs DENNIS GALLAGHER
                                                                    and SHELLEY GALLAGHER

/////
/////

| | |
|---|---|
| Dated: April ___, 2012 | **THE ULLRICH LAW FIRM** |
| | By _____<br>DONALD W. ULLRICH, JR.<br>Attorneys for Defendants<br>TERRY J. HOLT (aka JAN MACE)<br>and JERRI A. WELLS |
| Dated: April ___, 2012 | |
| | By: _____<br>RALPH F. PAVEY<br>(Expert Witness) |
| Dated: April ___, 2012 | |
| | By: _____<br>MICHAEL H. EVANS<br>(Expert Witness) |

IT IS SO ORDERED.

DATED: July 30, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;gall3071.prot_order